## JOSEPH HANCOCK *vs.* STATE OF MARYLAND.

*Use of Oleomargarine by Restaurant Keeper.*

Code, Art. 27, sec. 91, makes it unlawful for the proprietor of any hotel, restaurant or place of entertainment to use or serve oleomargarine to his customers. *Held*, that under an indictment for violation of this law it is no defence that the oleomargarine served was a wholesome article of food imported from another State, since such use of the article cannot be considered as a sale in the original package.

Appeal from the Criminal Court of Baltimore (SHARP,  .

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*Edgar H. Gans* and *T. C. Ruddell*, for the appellant.

*George R. Gaither, Jr., Attorney-General,* and *James Hewes,* for the appellee.

PEARCE, J., delivered the opinion of the Court.

In this case the appellant was indicted for violation of sections 89 and 91 of the Code of Public General Laws, prohibiting the sale of oleomargarine, and the case was ar-

gued as a part of the case of *Rasch* v. *The State*, decided at the present term (*post.*, Unreported Cases). The indictment contained three counts, the first of which was in all respects the same as the first count in *Rasch's case*. The second and third counts were under section 91, which makes it unlawful for any keeper or proprietor of any boarding-house, restaurant or place of entertainment, or any person having charge thereof, to keep, use or serve therein, either as food for their guests, boarders, patrons or customers, or for cooking purposes, any article made in violation of the three preceding sections, commonly known as oleomargarine.

The second count charged a violation of section 91 in keeping, using and serving oleomargarine as food to his boarders, patrons and customers generally, while the third count charged, using and serving the same as food to his boarder, patron and customer, Charles G. Wanner. The State abandoned the first count and elected to go to trial on the 2nd and 3rd counts, and thereafter the course of pleading and mode of presenting defence was the same in all respects as that pursued in the *Rasch case*, but, lest there should be any misapprehension in this regard, the pleading will be fully stated. The appellant first demurred to the second and third counts, and the Court overruled the demurrer. He then filed a special plea, alleging:

1st. That he was the keeper of a restaurant, as set forth in the second and third counts of the indictment.

2d. That he served the article set forth in said counts, and, that the article was olemargarine, a well-known article of commerce, and recognized as such by Act of Congress, regulating its manufacture, sale, importation and exportation.

3d. That said oleomargarine is a nutritious and wholesome article of food, and entirely free from any deleterious substances.

4th. That said oleomargarine was manufactured by Wm. J. Moxley, of the State of Illinois, who had complied with all the rules and regulations of said Act of Congress.

To this plea the State demurred, and the Court sustained the demurrer. The case was then submitted to the Court on the plea of not guilty, and the State rested after introducing evidence in support of the allegations of the second and third counts. The defendant then offered to prove :

1st. That he was the keeper of a restaurant, as set forth.

2d. That he served the article set forth, which was recognized as an article of commerce, as averred in the special plea.

3d. That it was a nutritious and wholesome article of food, and entirely free from any deleterious substance.

4th. That the oleomargarine was manufactured by Wm. J. Moxley, of the State of Illinois, who had complied with all the rules and regulations of the Act of Congress.

To which offer the State objected, and the Court sustained the objection and excluded the testimony; to which ruling the appellant excepted, and the verdict and judgment being against him, he has appealed, alleging error in overruling his demurrer and rejecting his proffered testimony, and in sustaining the State's demurrer to his special plea.

It is thus seen that the only difference between the facts of the *Rasch case* and of this case is, that the appellant is indicted as a restaurant keeper for serving oleomargarine as food to his boarders, instead of selling as a retail merchant to a customer, and the disposition of that case must necessarily be decisive of this.

It is difficult, moreover, to perceive how a restaurant keeper who serves oleomargarine upon the table, to be eaten as part of the meal served, and not delivered in a package of any description, to be carried away from the premises by a purchaser, could by any possibility be brought within the saving of sale in the original package ; and in the *Wright case*, 88 Md. 436, we held that our statute does not violate Art. 4, sec. 2, of the Constitution of the United States, nor the 14th Amendment to the Constitution, and to this opinion we adhere.

*Judgment affirmed with costs above and below.*

(Decided June 22nd, 1899).